IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shamire Flowers, on behalf of herself and others simi;ar;y situated<br>Plaintiff,<br><br>v.<br><br>Danielle Hrzic, Gourmet Gorilla, Inc., and Zachary Walters<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 20-cv-2109<br><br><br><br><br><br>Jury demanded |

## COMPLAINT

Plaintiff Shamire Flowers ("Plaintiff"), through her attorneys, Lopez & Sanchez, LLP for her Complaint against Danielle Hrzic, Gourmet Gorilla, Inc., and Zachary Walters (collectively "Defendants"), states as follows:

## INTRODUCTION

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq*. ("IWPCA") for failure to pay overtime for all hours worked in excess of forty (40) hours in a workweek, and failure to pay all earned wages for all time worked when due.

2.  Ms. Flowers also sues for common law retaliatory discharge based on her termination from employment due to her suffering a workplace injury and reporting it.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims

occurred in this judicial district. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## THE PARTIES

4. At all relevant times herein, Plaintiff Shamire Flowers resided in and was domiciled within this judicial district.

5. At all relevant times herein, Plaintiff was employed by Defendants as an "employee" as defined by the FLSA, IMWL, IWPCA within this judicial district.

6. At all relevant times herein, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and the IMWL, 820 ILCS 105/1 *et seq*.

7. During the course of her employment, Plaintiff worked in various capacities preparing, serving and cleaning up after meals – serving approximately 500 children breakfast and lunch at a school.

8. Ms. Flowers and one other employee were the only employees engaged in this work at this site.

9. Defendant Danielle Hrzic is an officer of Gorilla Gourmet and was involved in the day to day business operation of Defendant Gorilla Gourmet. Defendant had the authority to hire and fire persons employed by Defendant GG, including the Plaintiff; the authority to direct and supervise the work of Defendant GG, employees; the authority to sign on Defendant GG's checking accounts, including payroll accounts; and the authority to make decisions regarding employee compensation and capital expenditures.

10. Defendant Hrzic was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq*

11. Defendant Gorilla Gourmet, Inc. ("GG"), is a corporation organized under the laws of the State of Illinois, with its principal place of business within this judicial district, specifically at 1200 West Cermak Road, Chicago Illinois 60608.

12. Defendant GG is an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A).

13. Defendant GG has had two or more employees, including Plaintiff, who handle goods that moved in interstate commerce.

14. At all relevant times herein, Defendant GG was Plaintiff's "employer" as that term is defined in the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c), and the IWPCA, 820 ILCS §115/1 *et seq.*

15. Ms. Flowers worked for Defendants from July 19, 2019 through December 3, 2019.

16. Plaintiff worked approximately 50 hours per week, although there were times she worked more hours.

17. Ms. Flowers was scheduled to work from 6:30 am to 3:00 pm but regularly came in early and was required to work off the clock. She also routinely stayed late and worked off the clock as well. Ms. Flowers was so busy that she rarely took a lunch break although Defendants deducted one half hour per day from her pay.

18. Defendants failed to pay Ms. Flowers for all of the hours she worked and failed to pay her an overtime premium for those hours she worked over 40 per week.

19. Plaintiff has executed a consent to sue letter, which is attached to this complaint as an exhibit.

20. From July 1, 2019 through June 30, 2020 the minimum hourly wage in Chicago was $13.00 per hour; the overtime wage rate was $19.50 per hour.

21. On or about November 18, 2019, Ms. Flowers suffered a serious workplace injury which has left her in ongoing pain and in need of medical care.

22. When she reported her injury she was terminated soon thereafter.

**Collective action allegations**

23. Plaintiff brings Count II of this action pursuant to 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct and who file written consent to sue ("the FLSA Class").

24. The FLSA Class, of which Plaintiff is a member, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, is composed of and defined as follows:

25. All employees of Defendants who performed food preparation, cleaning, serving and related work from April 2017 through the present.

26. Plaintiff is are unable to state, at this time, the exact size of the potential class, but upon information and belief, avers that it consists of at least 20 persons.

27. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages, are readily identifiable by Defendants, and should receive notice and an opportunity to join this lawsuit pursuant to 29 U.S.C. § 216(b).

28. Plaintiff has executed a consent to sue letter, which is attached to this complaint as an exhibit.

## COUNT I
## Violation of the Fair Labor Standards Act - Minimum Wages

29. Plaintiff incorporates and re-alleges paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay all wages to Plaintiff that she was due.

31. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. §206.

32. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

33. Plaintiff worked approximately 50 hours per week, although there were times she worked more hours based on her working banquets.

34. Ms. Flowers prepared, served and cleaned up after meals served to more than 500 students per day. Her location was understaffed and only one other person worked with her.

35. On occasion the work was so much that Ms. Flowers' manager instructed her to leave it for the next day but to come in early to finish the work off the clock.

36. Ms. Flowers followed this instruction.

37. On another occasion GG President, Defendant Hrzic, was present in a gorilla costume at the worksite.

38. Hrzic did not identify herself initially and did not greet Ms. Flowers or shake her hand.

39. At some point, Hrzic did engage in a conversation about the workload and also instructed Ms. Flowers to come in early and do the work off the clock before the beginning of her shift.

40. Ms. Flowers followed this instruction and would work off the clock at the instruction of GG President and Defendant Hrzic and her manager Zachary Walters.

5

41. Defendants failed to pay Plaintiff for all the hours she worked. She would at times come in early and work off the clock. At other times her supervisor told her he punched her out and she was a required to continue working off the clock.

42. Defendants also deducted one half hour of time for lunches which she was largely unable to take due to the workload.

43. Pursuant to 29 U.S.C. §206, Plaintiff was entitled to be compensated at a rate of $13.00 per hour for all time worked less than forty (40) hours in individual work weeks.

44. Defendant's failure to pay Plaintiff for all time worked up to forty (40) hours per week violated the FLSA, 29 U.S.C. § 206.

45. Defendant willfully violated the FLSA by refusing to pay Plaintiff the minimum wage for all time worked up to forty (40) hours in individual work weeks.

46. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay her the minimum wage for all hours worked up to forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §206.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. A judgment in the amount Plaintiff's regular rate for all time Plaintiff worked in up to forty (40) hours per week;

    B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

    C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

    D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act - Overtime Wages

47. Plaintiff incorporates and re-alleges paragraphs 1 through 46 of this Complaint as though fully set forth herein.

48. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages to Plaintiff at a rate of one and one-half times Plaintiff's regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

49. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

50. During the course of Plaintiff's employment with Defendant, Plaintiff was directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

51. Plaintiff worked approximately 50 hours per week, although there were times she worked more hours.

52. Ms. Flowers was scheduled to work from 6:30 am to 3:00 pm but regularly came in early and was required to work off the clock. She also routinely stayed late and worked off the clock as well. Ms. Flowers was so busy that she rarely took a lunch break although Defendants deducted one half hour per day from her pay.

53. Ms. Flowers prepared, served and cleaned up after meals served to more than 500 students per day. Her location was understaffed and only one other person worked with her.

54. Pursuant to 29 U.S.C. §207, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

55. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her hourly rate of pay for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. § 207.

56. Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

57. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owing;

C. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law-Minimum Wages

58. Plaintiff realleges and incorporates paragraphs 1-57 as if set forth herein.

59. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq.*, for failure to pay the minimum wage to Plaintiff for all time worked up to of forty (40) hours in certain individual work weeks.

60. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL.

61. Plaintiff worked approximately 50 hours per week, although there were times she worked more hours.

62. Ms. Flowers was scheduled to work from 6:30 am to 3:00 pm but regularly came in early and was required to work off the clock. She also routinely stayed late and worked off the clock as well. Ms. Flowers was so busy that she rarely took a lunch break although Defendants deducted one half hour per day from her pay.

63. Ms. Flowers prepared, served and cleaned up after meals served to more than 500 students per day. Her location was understaffed and only one other person worked with her.

64. Pursuant to (820 ILCS 105/4) Plaintiff was entitled to be compensated at an hourly rate of between $10.00 and $11.00 per hour pay for all time worked up to forty (40) hours in individual work weeks.

65. Defendant did not compensate Plaintiff at the minimum rate of pay for all time worked up to forty (40) hours in individual work weeks.

66. Defendant's failure to pay Plaintiff the minimum wage for all time worked up to in forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

67. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of underpayment.

    WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

    A. A judgment in the amount of all back wages due as provided by the IMWL;

    B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Violation of the Illinois Minimum Wage Law-Overtime Wages

68. Plaintiff realleges and incorporates paragraphs 1-67 as if set forth herein.

69. Count arises from Defendant's violation of the IMWL, 820 ILCS 105/1 *et seq*., for failure to pay overtime wages to Plaintiff at a rate of one and one half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in certain individual work weeks.

70. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

71. Plaintiff worked approximately 50 hours per week, although there were times she worked more hours.

72. Ms. Flowers was scheduled to work from 6:30 am to 3:00 pm but regularly came in early and was required to work off the clock. She also routinely stayed late and worked off the clock as well. Ms. Flowers was so busy that she rarely took a lunch break although Defendants deducted one half hour per day from her pay.

73. Ms. Flowers prepared, served and cleaned up after meals served to more than 500 students per day. Her location was understaffed and only one other person worked with her.

74. Pursuant to 820 ILCS 105/4(a)(1) Plaintiff was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

75. Defendant did not compensate Plaintiff at the rate of one and one half time her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

76. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her regular hourly rate of pay for all time worked in excess of forty (40) hours in individual work weeks violated the maximum hour provisions of the IMWL, 820 ILCS 105/4(a).

77. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover three times her unpaid wages for three (3) years prior to the filing of this suit, plus damages in the amount of five percent (5%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A. A judgment in the amount of three times all back wages due as provided by the IMWL;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

D. Such other and further relief as this Court deems appropriate and just.

## Count V
## Common Law Retaliatory Discharge

78. Plaintiff realleges and incorporates paragraphs 1 through 77 as if fully set forth herein.

79. Ms. Flowers suffered an on the job injury on or about November 18, 2019.

80. The school had a break period and Ms. Flowers didn't return to work until December 2, 2019.

81. She complained of ongoing pain related to her workplace injury, to a human resources worked named Jenna on December 3, 2019.

82. On December 4, 2019, Ms. Flowers was terminated based on the conversation she had had with Jenna the previous day regarding her workplace injury.

83. As a direct result and proximate result of her filing a workplace injury claim, Defendants retaliated against Ms. Flowers which resulted in the termination of her employment.

84. Defendants' termination of Ms. Flowers' employment violated a mandate of public policy forbidding retaliation to workers who have filed claims for workplace injuries.

85. Section 4(h) of the Illinois Workers' Compensation Act provides, "it shall be unlawful for any employer to coerce or discriminate against, harass, refuse to rehire or recall, fire or threaten to fire or force to resign" any worker in retaliation for filing a Workers' Compensation claim.

86. As a direct and proximate result of Defendants' improper termination of her employment, Ms. Flowers suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to her reputation, and other consequential damages.

87. Defendants' actions were intentional, willful, malicious, and showed deliberate indifference to Ms. Flowers' rights.

WHEREFORE, Plaintiff demands judgment against the Defendants, for:

    A. A judgment in favor of Plaintiff awarding back pay;

    B. A judgment awarding future lost wages and earnings;

    C. punitive damages to deter such future conduct;

    C. Reasonable attorneys' fees and costs of this action; and

    D. Such other and further relief as this Court deems appropriate and just.

                              Respectfully submitted,

                               /s/    Jorge Sanchez
                             One of Plaintiff's attorneys

Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784
Dated April 2, 2020